IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HENRY ALBERT JONES,

     Plaintiff,

     v.

JOEY LEMMONS *et al.*,

     Defendants.

1:26CV559

## <u>ORDER AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE</u>

This matter is before the Court on *pro se* plaintiff Henry Albert Jones's application to proceed *in forma pauperis*. Docket Entry 1. The Court grants the application for the limited purpose of allowing the Court to consider a recommendation of dismissal.

### I.    BACKGROUND

Jones alleges that he suffers from multiple serious back problems. Compl. at 20. He alleges officials at Stokes County Jail sent him to "Central Prison Hospital," Compl. at 4, where a doctor ordered an operation, *id.* at 19. Then, however, Jones went back to Stokes County Jail, where defendants Goins and Wood told Jones that he would not receive the operation because Stokes County would not pay for it. *Id.* at 4, 19. Jones also alleges that defendant Suzanne—a nurse—denied him "medical help and pain meds." *Id.* at 4. Jones also names Lemmons, the sheriff, as

a defendant, stating that "the sheriff had to have known of my medical condition as I was sent to central prison hospital." Compl. at 4.

Jones further alleges that "[t]hey knew that I had serious back problems and CHOOSE [sic] to ignore them." Compl. at 19. He writes that "they = jail staff, C.O., etc." *Id*. It is not clear whether Jones intended to refer to only the named defendants or all jail staff.

Finally, Jones alleges that he "was told to stay in the wheelchair because [he] was a liability" and that "the longer [he] stayed in that wheelchair the less lickley [sic] [he] will never walk on [his] own again," and that he "was locked back because of my disability." *Id*. at 5. It is not clear who Jones alleges did these things to him.

## II. DISCUSSION

It is well-settled that Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original; quotation omitted). And the Court must dismiss a case filed *in forma pauperis* if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp.,* 550 U.S. 544, 555 (2007) (citation modified).

2

A *pro se* plaintiff's complaint must be construed liberally in their favor. *See Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015). "A plaintiff often must offer more detail, however, than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001).

Additionally, a

> complaint must make defendant-specific allegations. The allegations must be particular enough to allow one to infer what each defendant did and knew. Lumping defendants together won't do. A plaintiff who makes only collective allegations . . . without specifying how each individual defendant interacted with her or bore responsibility for the alleged constitutional deprivation . . . has not stated a plausible claim against any defendant. We require instead specific factual allegations for each defendant, because only such allegations provide fair notice to *that* defendant of the plaintiff's claim and underlying factual support.

*Rice v. Adams*, 172 F.4th 428, 432 (4th Cir. 2026) (citations and quotation marks omitted).

Jones alleges that the defendants were deliberately indifferent to his serious medical needs, and that the defendants discriminated against Jones in violation of the Americans with Disabilities Act. Compl. at 3, 13–16. But Jones has alleged virtually no *specific* facts about any of the defendants. The only facts he alleges about Goins and Wood are that they communicated to him that the jail would not pay for his medical treatment, not that they personally denied such treatment to him. And while Jones alleges that Suzanne denied him medication, he alleges no corroborating details such as when or why he asked Suzanne for medication.

3

Finally, Jones alleges only that the sheriff "had to have known" of the denial of medical care, Compl. at 4, without providing any details explaining why the sheriff would be involved in the medical treatment of a single inmate.

Thus, while Jones may have a cognizable claim, his present complaint does not contain enough details to raise his right to relief above a speculative level. The Court should dismiss Jones's Complaint without prejudice to him refiling a complaint that alleges, in detail, what each defendant did and how those actions give rise to his claims against that defendant, specifically. *See, e.g.*, *Owens v. Connecticut*, 771 F. Supp. 3d 92, 96 (D. Conn. 2025) ("To comply with Rule 8, Plaintiff's amended complaint should explain in short and plain statements the following: (1) who allegedly violated his federally protected rights; (2) how that person or entity allegedly violated his federally protected rights; (3) when and where that person or entity allegedly violated his federally protected rights; and (4) why he allegedly is entitled to relief (and if so, what relief he is seeking).") (internal citation omitted).

III.  CONCLUSION

**IT IS ORDERED** that Alexander's application to proceed *in forma pauperis*, Docket Entry 1, is **GRANTED** for the limited purpose of allowing the Court to consider the recommendation of dismissal.

**IT IS RECOMMENDED** that the Court **DISMISS** this case without prejudice for failure to state a claim. If Jones refiles, he should explain, in detail,

what each defendant did and how those actions give rise to his claims against that defendant, specifically.

Jones will have two weeks to object to this recommendation. *See* Fed R. Civ. P. 72(b)(2). If Jones files an amended complaint within that time, the Clerk **SHALL** refer it to the undersigned for further review.

This, the 9th day of July, 2026.

JoAnna Gibson McFadden
United States Magistrate Judge

5